IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 29, 2006

## STATE OF TENNESSEE v. WAYNE SHELTON, JR.

**Appeal from the Circuit Court for Bedford County**
**No. 15968     Lee Russell, Judge**

---

**No. M2006-01245-CCA-R3-CD - Filed December 21, 2006**

---

The Appellant, Wayne Shelton, Jr., appeals the sentencing decision of the Bedford County Circuit Court. Pursuant to a plea agreement, Shelton pled guilty to aggravated assault and attempted arson and received an effective six-year sentence, with the manner of service to be determined by the trial court. Following a sentencing hearing, the trial court ordered that the sentence be served in confinement. On appeal, Shelton argues that the court erred in denying him an alternative sentence, specifically community corrections. After review, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which ALAN E. GLENN and D. KELLY THOMAS, JR., JJ., joined.

Andrew Jackson Dearing, III, Assistant Public Defender, Shelbyville, Tennessee, for the Appellant, Wayne Shelton, Jr.

Robert E. Cooper, Jr., Attorney General and Reporter; Blind Akrawi, Assistant Attorney General; W. Michael McCown, District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

On January 19, 2006, a Bedford County grand jury returned a five-count indictment against the Appellant charging him with: (1) aggravated assault; (2) attempted aggravated arson; (3) evading arrest; (4) public intoxication; and (5) simple possession of marijuana. On March 2, 2006, the Appellant, pursuant to the terms of a plea agreement, pled guilty to aggravated assault by use of a deadly weapon and entered a "best interest" guilty plea to attempted arson, with the remaining charges being dismissed. The underlying facts, as recited at the guilty plea hearing, are as follows:

. . . The factual basis is that the [Appellant] had apparently been at TC's Sports Bar and was brought to an address on Dover Street, which I believe is his sister's residence - - and this is on the date alleged in the indictment, December 24, 2005 - - and apparently was upset about the death of a certain individual. The [Appellant's] sister and two other girls were there and they were continuing to try to calm him down, but that was to no avail. He went outside and obtained a metal rail from a trampoline and came back in and one or more of the girls felt threatened by it and they actually locked themselves. They felt like that they were in danger of being injured by the metal rail so they locked themselves in the bathroom. The [Appellant] began banging on the walls, knocking holes in the walls, and, in deed, denting the door to the bathroom with the metal rail.

The 911, I believe, was called and city units were dispatched. The [Appellant] also, according to them, attempted to set fire by setting - - set the house on fire by setting fire to a plastic bag. I believe he also threw bleach on the residence and, perhaps, attempted to ignite that and may have made some comment about that the girls or referring to a female (inaudible) were going to die that night. Of course, this caused them to be in great fear.

When the police came, the [Appellant] actually took off running and I believe had to be chased down and apprehended.

The plea agreement provided that the Appellant would receive consecutive three-year sentences for each conviction as a Range I offender, resulting in an effective six-year sentence. The manner of service of the sentence would be determined by the trial court following a sentencing hearing. A sentencing hearing was held on May 4, 2006, at which only the Appellant testified. Following the presentation of evidence, the trial court ordered that the sentences be served in the Department of Correction. This timely appeal followed.

**Analysis**

On appeal, the Appellant challenges the trial court's imposition of a sentence of confinement, arguing that "the more appropriate sentence in this case would be community corrections." When an accused challenges the length, range, or the manner of service of a sentence, this court has a duty to conduct a *de novo* review of the sentence with a presumption that the determinations made by the trial court are correct. T.C.A. § 40-35- 401(d) (2003); *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *Ashby,* 823 S.W.2d at 169. Furthermore, we emphasize that facts relevant to sentencing must be established by a preponderance of the evidence and not beyond a reasonable doubt. *State v. Winfield,* 23 S.W.3d 279, 283 (Tenn. 2000) (citing *State v. Poole*, 945 S.W.2d 93, 96 (Tenn. 1997)). If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after having given due consideration and proper weight to the factors and principles set out under

the sentencing law, and made findings of fact that are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. *State v. Pike,* 978 S.W.2d 904, 926-27 (Tenn. 1998); *State v. Fletcher,* 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

A defendant "who is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." T.C.A. § 40-35-102(6) (2003). Guidance as to what constitutes "evidence to the contrary" is found in Tennessee Code Annotated section 40-35-103(1), which sets forth the following considerations:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

T.C.A. § 40-35-103(1)(A)-(C) (2003).

Additionally, the principles of sentencing reflect that the sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. *Id*. at (2), (4). The court should also consider the potential for rehabilitation or treatment of the defendant in determining the appropriate sentence. *Id*. at (5). The Appellant was sentenced as a standard offender; thus, the presumption in favor of alternative sentencing does apply.

The Community Corrections Act was meant to provide an alternative means of punishment for "selected, nonviolent felony offenders . . . , thereby reserving secure confinement facilities for violent felony offenders." T.C.A. § 40-36-103(1) (2003). A defendant is eligible to participate in a community corrections program if he satisfies the minimum eligibility criteria set out in Tennessee Code Annotated section 40-36-106(a)(1)(A)-(F) (2003). The criteria enumerated include:

(A) Persons who, without this option, would be incarcerated in a correctional institution;

(B) Persons who are convicted of property-related, or drug/alcohol-related felony offenses or other felony offenses not involving crimes against the person as provided in title 39, chapter 13, parts 1-5;

(C) Persons who are convicted of nonviolent felony offenses;

(D) Persons who are convicted of felony offenses in which the use or possession of a weapon was not involved;

(E) Persons who do not demonstrate a present or past pattern of behavior indicating violence;

(F) Persons who do not demonstrate a pattern of committing violent offenses . . . [.]

T.C.A. § 40-36-106(a)(1)(A)-(F).

Initially, we are constrained to note that the Appellant, despite his argument to the contrary, does not satisfy the minimum criteria for placement in community corrections under subsection (a). The Appellant was convicted of aggravated assault, a crime against the person, which is codified at Tennessee Code Annotated section 39-13-102 (2003); thus, he is specifically excluded from consideration for community corrections under subparagraph (B) of the statute. Moreover, the crime involved the use of a deadly weapon. *See* T.C.A. § 40-36-106(a)(1)(D). Thus, we conclude that the Appellant does not meet the minimum criteria for placement in a community corrections program.

Nonetheless, the Appellant also asserts he is eligible for community corrections consideration under the "special needs" provisions of subsection (c), asserting "he is in need of job training." Tennessee Code Annotated section 40-36-106(c) provides that:

Felony offenders not otherwise eligible under subsection (a), and who would be usually considered unfit for probation due to histories of chronic alcohol or drug abuse, or mental health problems, but whose special needs are treatable and could be served best in the community rather than in a correctional institution, may be considered eligible for punishment in the community under the provisions of this chapter.

In order for an offender to qualify for community corrections under subsection (c), he must be statutorily eligible for probation, which is satisfied in this case based upon the imposition of three-year sentences. *See* T.C.A. § 40-35-303 (2005). Accordingly, we must determine whether the Appellant meets the other requirements of subsection (c). A determination that the Appellant is suitable for placement in the program requires the following findings of fact: (1) that the offender has a history of chronic alcohol, drug abuse, or mental health problems; (2) that these factors were reasonably related to and contributed to the offender's criminal conduct; (3) that the identifiable special need (or needs) are treatable; and (4) that the treatment of the special need could be served best in the community rather than in a correctional institution. *State v. Boston,* 938 S.W.2d 435, 439 (Tenn. Crim. App. 1996).

The only proof before us regarding any special needs which the Appellant might have is his own self-serving testimony. At the sentencing hearing, the Appellant testified that he needed help with his anger and drug habit, notwithstanding his statement to the pre-sentence officer denying the use of drugs. During the collection of information for the pre-sentence report, the Appellant indicated that he had used alcohol since age sixteen and had an alcohol problem. Clearly, this assertion, standing alone, is insufficient to establish the Appellant's eligibility for community corrections under the special needs provision.

At the sentencing hearing, the trial court imposed a sentence of incarceration finding:

Okay. Just as the records of other folks speak volumes about them and argue in favor sometimes of another chance or a partial chance, [the Appellant's] record argues in the other direction.

I am aware that there is a presumption in favor of alternative sentencing created by 40-35-10[2]. And the first question is whether that's been overcome. I find that it has been overcome for these reasons:

He has six convictions over a period of six years between 2005 and - - between 1999 and 2005. . . .

In addition, in 1999, on his three-deferred sentences, that was revoked, and that is on his felony, prior felony conviction.

As the General pointed out, he was on multiple probations when he did the events that are the subject of today's sentencing hearing. He had - - some of his prior convictions were also while he was on probation for earlier matters. So he has repeatedly misbehaved when released into the public on some sort of alternative sentencing.

For that reason, I find that he is a poor candidate for alternative sentencing. . . . I think there's a high likelihood he would repeat as he has done on multiple occasions in the part.

Our review indicates that the trial court clearly considered the principles of sentencing in determining the Appellant's sentence. Moreover, nothing in the record preponderates against the trial court's finding that the presumption in favor of alternative sentencing was overcome. The pre-sentence report relates that the twenty-five-year-old Appellant is the father of two children. He pays no support for one child and is in arrears of $1,055.00 in support payments for the other child. He is currently unemployed and owes fines and court costs in both Bedford and Coffee County General Sessions Courts. The pre-sentence reports indicates prior convictions for evading arrest, vandalism, possession of marijuana, driving on a revoked license, reckless endangerment, and reckless driving. The report also indicates prior revocation of a deferred sentence, as well as that he was on multiple

probations when the instant crimes occurred.  Clearly, the Appellant has a long history of criminal conduct and measures less restrictive than confinement have recently and frequently been applied to the Appellant without success.  The Appellant has simply failed to meet his burden in this case.  Accordingly, we conclude that a sentence of confinement is appropriate.

## CONCLUSION

Based upon the foregoing, the Appellant's sentence of confinement in the Department of Correction is affirmed.

_____
DAVID G. HAYES, JUDGE